## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CV-1512 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER APPROVING THE UNITED STATES AND DEFENDANT PHH MORTGAGE CORPORATION STIPULATION TO JUDGMENT |
| THOMAS J. PASHINA; JANE R. PASHINA; MIDLAND FUNDING, LLC; AND PHH MORTGAGE CORPORATION, | |
| Defendant. | |

---

Before the Court is Plaintiff United States of America's and Defendant PHH Mortgage Corporation's ("PHH") Stipulation to Judgment. (ECF No. 23.) Upon consideration of the stipulation, it is hereby ORDERED:

1.  The Stipulation is approved.

2.  Judgment shall be entered in favor of the United States and against PHH Mortgage Corporation on Count III of the Amended Complaint as follows:

    a.  As a result of federal tax liens pertaining to the federal income tax liabilities of Thomas J. Pashina for the 2003, 2004, and 2005 tax years and to the federal income tax liabilities of Thomas J. Pashina and Jane R. Pashina for the 2006, 2008, and 2010 through 2015 tax years (the "Tax Liens" defined in paragraph 26 of the United States' Amended Complaint), the United States has valid and

subsisting tax liens that attached to all of Thomas J. and Jane R. Pashina's property and rights to the property, including real property located at 429 Marnie Street South, Maplewood, Minnesota ("the Marnie Street Property"), as joint tenants.

b.  The legal description of the "Marnie Street Property" is: Lot 4, Block 3, Crestview Fourth Addition, according to the plat thereof on file or of record in the office of the County Recorder, Ramsey County, Minnesota.

c.  PHH Mortgage Corporation has a lien interest in the Marnie Street Property arising from the Warranty Deed dated November 19, 1993 and recorded with the Ramsey County, Maplewood, MN Recorder's Office on January 25, 1994 as Document No. 2778253 ("the Mortgage"), and subsequent assignments of the Deed.

d.  The Tax Liens are enforced against the Marnie Street Property;

e.  The Marnie Street Property may be sold in a judicial sale, pursuant to further order of this Court, according to law, free and clear of any right, title, lien, claim, or interest of any other lienholders; and

f.  If the Marnie Street Property is sold by the United States (whether pursuant to Court order or otherwise), proceeds from such sale shall be distributed first to

the United States for any expenses it incurs selling the Marnie Street Property and then in the following order of priority:

    A. First, to PHH for its lien interest in the Marnie Street Property identified in paragraph 2(c) above, and

    B. Second, to the United States for the Tax Liens identified in paragraph 2(a) above.

3. The United States and PHH Mortgage Corporation shall bear their own costs and expenses including any attorney fees.

4. The Clerk shall enter judgment in accordance with this Order, pursuant to Fed. R. Civ. P. 54(b), since there is no just reason for delay.

Dated: July 28, 2022                    BY THE COURT:

                                       s/Nancy E. Brasel
                                       Nancy E. Brasel
                                       United States District Judge